Gordon B. Hyde and John T. Charbonnet, both of New Orleans, for appellants.

Couvillon & Couvillon and Joffrion & Bordelon, all of Marksville, and McCoy & King, of Lake Charles, for appellee.

FOURNET, Justice.

This is a companion suit to the case of Amerada Petroleum Corporation v. Reese et al., 196 So. 558, and the opinion in that case disposes of the issues raised here.

The fact that the plaintiff in this case acquired royalty deeds from seven of the co-owners, in addition to mineral leases from three of them, without the consent or concurrence of the other co-owners, does not make any difference in the result, for the reason, as explained in the Amerada case, that *where property is held in indivision between several co-owners, none can confer rights on the entirety of the common property without the consent of all the others.*

For the reasons assigned, the judgment of the lower court is annulled and set aside, and it is now ordered, adjudged and decreed that plaintiff's suit is dismissed at his cost.

O'NIELL, C. J., does not take part.

## LOGRAND v. DUGAN.
### No. 16921.

Court of Appeal of Louisiana. Orleans.

June 4, 1940.

M. C. Scharff and H. L. Oulliber, Jr., both of New Orleans, for appellant.

Nicholas Callan, of New Orleans, for appellee.

WESTERFIELD, Judge.

Mrs. Lucy Hopkins Logrand, widow of Anthony Raymond Blachess, brought this suit for $35,000 damages against Fortune A. Dugan, based upon the alleged negligent killing of her husband as the result of his being struck by an automobile owned and operated by the defendant.

From a judgment in favor of defendant dismissing her suit, plaintiff has appealed to this court.

It appears that at about 7 p. m., on October 20th, 1931, Dugan was driving his Ford Coupe on St. Claude Avenue and Blachess was walking across the neutral ground of St. Claude Avenue at its intersection with Spain Street, and that as the Dugan car approached the intersection Blachess entered the roadway of St. Claude Avenue in front of it and was struck by its left fender, knocked to the ground, and received injuries as a result of which he died almost immediately.

Plaintiff's counsel contend that it was Dugan's duty to give warning of his approach by sounding his horn, which admittedly he did not do, and that he should have turned to his right, the neutral ground from which Blachess entered the roadway being on his left and the accident having occurred about three feet from its curb. Moreover, say counsel, Dugan admitted that he saw Blachess walking across the neutral ground when he was about seventy-five feet from the intersection and that he continued to drive at the same rate of speed and the same distance from it, without giving warning and, finally, that if Blachess first entered the driveway when Dugan was about twenty-eight feet distant, as is claimed by defendant and found as a fact by the trial judge, there was ample opportunity for Dugan to have stopped his car and avoided the accident. Dugan testified that at the rate of eighteen miles per hour, the speed he contends he was driving, he would be able to stop his car within fifteen feet.

There were three eye witnesses to the accident: the defendant, Fortune A. Dugan, Amor Laterriere, a friend of the defendant and a passenger in his car at the time, and Vincent Massaro.

Dugan testified that he was driving his new Ford car in the vicinity of the accident at the rate of approximately eighteen miles per hour; that his lights were burning and his brakes were in good condition; that as he neared the intersection of Spain Street with St. Claude Avenue or when about thirty feet from it, the deceased stepped from the neutral ground into the pathway of his automobile; that he immediately applied his brakes and did everything within his power to avoid the accident; that he picked up the injured man and placed him in his automobile and carried him to the accident room of the Charity Hospital. Dugan is corroborated in all important particulars by Laterriere.

Massaro testified that the lights on the Dugan car were not burning and that while he was not a judge of speed, he thought the automobile was going between twenty-five and thirty miles per hour. Massaro's evidence is in conflict to that of Dugan and Laterriere and was the subject of criticism by the trial judge in his reasons for judgment. Of course, if the Dugan car was running without lights, it might well be said that Dugan was guilty of culpable negligence, but Massaro's testimony in this respect is weakened by the failure of the plaintiff, without explanation, to produce Buddy Frayle, who was with Massaro at the

time, and by the further fact that Massaro himself conceded that Frayle had made a conflicting statement to the police to the effect that the lights on the Dugan car were burning.

It is our opinion that the lights were burning and that the speed of the car was moderate. Plaintiff's counsel, however, insist that Dugan had the last clear chance to avoid the accident, because he saw the deceased crossing the neutral ground when seventy-five feet away, and though it was apparent at a distance of twenty-eight feet that deceased had entered the roadway in front of his automobile, with the intention of crossing the street, he did not stop his car. Dugan's explanation is that while he saw Blachess on the neutral ground he had no idea that he would attempt to cross in front of his car, and that he expected him to wait in the position of safety which he occupied until his car had passed the intersection. The fact that he was on the neutral ground conveyed no intimation of his intention to cross the roadway and we are of opinion that Dugan was justified in believing that Blachess would wait there until his car had passed. When it appeared evident that Blachess did not intend waiting, Dugan was about thirty feet distant, and while he testified that he could stop his car within about fifteen feet, the margin of safety was only eleven feet, all distances being approximated. The trial judge in his reasons for judgment said: "I find that this automobile was coming down St. Claude Avenue, brakes in perfect order, lights on, Dugan says about 18 miles an hour and Laterriere judges between 18 and 20. Now, taking the mean of that, which would be 19, an automobile traveling 19 miles an hour progresses $27\frac{13}{15}$ feet a second, or 28 feet a second. Therefore, when Blachess stepped off of the safety of that neutral ground into the danger of the vehicular roadway, this automobile was not over 28 feet away from him, with the lights burning. His death was caused solely and entirely and absolutely by his own fault."

We agree with the learned judge a quo in his conclusion. What a driver might have done under different circumstances is beside the point. Dugan was confronted by an emergency which he had no reason to anticipate, and he could not be expected to act as judiciously as under different and less urgent circumstances. The emergency was not due to his fault, but was caused by the negligence of Blachess.

Jones v. American Mutual Liability Insurance Company et al., 1939, 189 So. 169 and Rutter et al. v. Norman et al., 1939, 189 So. 609.

For the same reason Dugan could not be charged with negligence in failing to turn sharply to the right when it definitely appeared that Blachess intended to cross his path.

In our opinion the judgment of the trial court is correct, consequently, and for the reasons assigned the judgment appealed from is affirmed.

Judgment affirmed.